GOAT & SHEEPSKIN IMPORT CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   May 19, 1905.)

No. 3,641.

CUSTOMS DUTIES—CLASSIFICATION—MOCHA SHEEPSKINS—WOOL.

As to the coat on so-called mocha whitehead sheepskins, which contains a percentage of wool of a low order, *held*, that it is subject to the duty provided for wools on the skin in paragraphs 351, 358, 360, Schedule K, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 182, 183 [U. S. Comp. St. 1901, pp. 1664, 1665, 1666], and is not free of duty under paragraph 664, Free List, § 2, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], relating to raw skins, "except sheepskins with the wool on."

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York.   Note G. A. 4,593 (T. D. 21,737).

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in controversy consists of mocha whitehead sheepskins from which the coat had not been removed at the time of importation. They were assessed for duty at 3 cents per pound, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule K, pars. 351, 358, 360, 30 Stat. 182, 183,

[U. S. Comp. St. 1901, pp. 1664, 1665, 1666], as wools of the third class on the skin, and were claimed to be free under the provisions of paragraph 664 of said act (section 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688]), as "skins of all kinds, raw (except sheep-skins with the wool on)," etc. The sole question presented is whether these skins have wool on or hair only. The Board of General Appraisers reached the conclusion that a certain percentage of the covering was wool, and therefore that the skins were sheepskins with the wool on, within the meaning of the tariff act. Inasmuch as there was sufficient evidence to support the finding of the board as to the fact of wool upon the skins, and as the court upon examination of the sample is unable to say that this finding is incorrect, and as the definitions in the encyclopædias and dictionaries support the claim that such a product is wool, although of a low order, the decision of the Board of General Appraisers is affirmed.